## ASA BEAN *vs.* SILAS LANE, 2*d.*

By the militia acts, *stat.* of 1834, *c.* 121, and *stat.* of 1837, *c.* 276, the captain of a company is *not* made a competent witness, if he acquire or assume any interest not imposed upon him by his official situation.

Where an action to recover a fine is prosecuted by the clerk of a company of militia, the captain is not a competent witness, if he have made himself personally liable for the costs of the suit.

THIS was a writ of error, to reverse a judgment rendered by a justice of the peace in an action of debt, brought by *Lane* as clerk of a company of militia, against *Bean* to recover a fine for non-appearance at the annual inspection.

The third of seven errors assigned, was, that the Justice admitted as a witness for the clerk, *H. S. Black,* the captain of said company, he having declared on oath that he had a direct personal pecuniary interest in the result of the suit, the defendant objecting. The record stated, that *Black,* the captain of the company, was introduced as a witness for the clerk ; that the defendant objected to his being sworn ; that being sworn, he testified that he and the other two officers were personally liable for the costs of the action, if it failed ; that the defendant renewed his objection ; and that the captain was admitted to testify generally in the case. As the opinion of the Court has relation to this error alone, the facts and arguments bearing on the others are immaterial.

*W. Kelley,* for the original defendant, argued, that the statute made the officers competent witnesses only when they had no other interest than what necessarily resulted from their official character, but did not extend to cases, where the officer made himself interested by his own acts. His liability for costs did not arise from his office, but was voluntarily assumed.

*Burrill,* for the original plaintiff, submitted the case without argument.

After advisement, the opinion of the Court was drawn up by

WESTON C. J. — By the *stat.* of 1834, *c.* 121, to organize, govern and discipline the militia of this State, section forty-five, it is made the duty of clerks of companies respectively, to prosecute

for all fines and forfeitures, incurred by non-commissioned officers and privates. And if there be no clerk to prosecute, it is to be done by the captain or commanding officer of the company. By the forty-sixth section, the clerk is to retain one fourth part of what may be thus recovered to his own use. The residue is to be paid to the commanding officer, and such part of it appropriated to defray company expenses, as a majority of the commissioned officers may judge to be necessary. By the additional act of 1837, *c.* 276, the captain is directed to assume and prosecute any action commenced by the clerk for such fine or forfeiture, where the clerk may die, resign or refuse further to prosecute, pending the action. And the act last cited, makes the commanding officers, subaltern officers, and all clerks of companies competent witnesses, in such prosecutions, to all or any facts, within their knowledge. The clerk is interested directly in a part of the forfeitures, and the officers indirectly, in the appropriation of a part to company expenses, notwithstanding which, they were to be received as competent witnesses. But if they, or either of them, acquire or assume any other interest, not imposed by their official situation, it constitutes an objection, which the statute does not remove. The captain and the other two officers had become responsible for the costs, which they would not have been officially. This in our opinion rendered the captain an incompetent witness; and the third error is therefore well assigned.

*Judgment reversed.*